Filed
2/18/2014 2:30:18 PM
Patsy Perez
District Clerk
Nueces County, Texas

NO. 2014CCV-60339-3

| | | |
|---|---|---|
| MARY ANN PEÑA and MELISSA PEÑA | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | NUECES COUNTY, TEXAS |
| VS. | § | |
| | § | |
| CCC TRANSPORTATION, L.L.C. and | § | |
| JAMES P. GEDENBERG, | § | |
| | § | |
| Defendants. | § | COUNTY COURT AT LAW 3 |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW MARY ANN PEÑA and MELISSA PEÑA, hereinafter referred to by name or as Plaintiffs, complaining of CCC TRANSPORTATION, L.L.C., and JAMES P. GEDENBERG, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.

### PARTIES

Plaintiffs MARY ANN PEÑA and MELISSA PEÑA are individuals residing in Nueces

County, Texas.

Defendant CCC TRANSPORTATION, L.L.C., (hereinafter referred to as CCC Transportation or as Defendant) is a Florida for-profit corporation doing business in the State of Texas for the purpose of monetary gain. Defendant CCC TRANSPORTATION has availed itself of jurisdiction in Texas pursuant to TEX. CIV. PRAC. REM. CODE §17.041 *et seq.*, also known as the Long-Arm Statute, by contracting by mail or otherwise with a Texas resident and where either party was to perform the contract in whole or in part in this state; by committing a tort in whole or in part in this state; or by recruiting Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. Service of process may be had by serving its registered agent for service of process, Corporation Service Company, 1201 Hayes Street, Tallahassee, FL 32301-2525, via substituted service through the Secretary of State of Texas, pursuant to TEX. CIV. PRAC. REM. CODE §17.044, via certified mail, return receipt requested.

Defendant JAMES P. GEDENBERG (hereinafter referred to as James Gedenberg or Defendant) is an individual residing in Williamsburg, York County, Virginia. Defendant JAMES P. GEDENBERG has availed himself of jurisdiction in Texas pursuant to TEX. CIV. PRAC. REM. CODE §17.041 *et seq.*, also known as the Long-Arm Statute, by contracting by mail or otherwise with a Texas resident and where either party was to perform the contract in whole or in part in this state; by committing a tort in whole or in part in this state; or by recruiting Texas residents, directly or through an intermediary located in this state, for employment inside

- 2 -

or outside this state. Service of process may be had at his residence, 1130 Wilkins Drive, Williamsburg, Virginia 23185, via private process server.

## III.

## JURISDICTION & VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because Defendants committed a tort in whole or in part in this state.

Venue in Nueces County, Texas, is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.

## FACTS

On or about November 26, 2013, Plaintiff Melissa Peña was lawfully traveling in a 1999 Dodge Ram truck southbound on US Highway 77 in Nueces County, Texas. Mary Ann Peña was a passenger in Melissa Peña's vehicle. Melissa Peña was traveling in the center lane when an 18-wheeer driven by James Gedenberg and owned by CCC Transportation suddenly, violently, and without warning, swerved from the right lane and into Plaintiffs' lane of travel, side-swiped Plaintiff's vehicle, and forced it across the center median of the highway, across the northbound lanes of travel, and into a ditch. At the time of the collision, this 18-wheeler was operated by Defendant James Gedenberg in the course and scope of his employment with

Defendant CCC Transportation as a truck driver. This collision to caused Plaintiffs to sustain severe personal injuries and damages as set forth below.

## V.

## CAUSES OF ACTION

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs have suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

### A. NEGLIGENCE

Defendant James Gedenberg operated the vehicle in a negligent manner because he violated the duty which he owed Plaintiffs to exercise ordinary care in the operation of the motor vehicle he was driving in one or more of the following respects:

a. in failing to keep a proper lookout, or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely or adequately apply the brakes on the vehicle in order to avoid the collision in question;

c. in failing to turn his vehicle or take safe evasive action in an effort to avoid the collision in question;

d. in failing to blow his horn to warn of imminent collision;

e. in driving the vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar

circumstances;

f.    in failing to maintain a clear and reasonable distance between the vehicles which would permit Defendant to bring the vehicle he was operating to a safe stop without colliding with Plaintiffs;

g.    failing to remain entirely within a single lane;

h.    failing to safely move from one single lane into another to avoid the collision.

## B. RESPONDEAT SUPERIOR

Defendant CCC Transportation was negligent under the theory of respondeat superior in that Defendant James Gedenberg was acting within the course and scope of his employment with Defendant CCC Transportation at the time the incident occurred.

In addition, Defendant CCC Transportation was negligent in one or more of the following aspects:

a.    negligent hiring of Defendant James Gedenberg;

b.    negligent entrustment of the company vehicle to Defendant James Gedenberg;

c.    negligent driver qualifications;

d.    negligent training and supervision of Defendant James Gedenberg and his supervisors fellow employees within his department;

e.    negligent retention of Defendant James Gedenberg;

f.    negligent contracting;

g.    negligent maintenance;

h.    failure to implement adequate safety programs for the prevention of collision by

CCC Transportation's employees in violation of motor carrier fleet industry
standard; and

i.    failure to have adequate safety program in place to ensure that an effective
ongoing monitoring and training of its drivers occurred.

### C. NEGLIGENT ENTRUSTMENT

Defendant CCC Transportation was also negligent in that it negligently entrusted its
vehicle to Defendant James Gedenberg, when it knew or should have known that Defendant
James Gedenberg was an incompetent and/or reckless driver.

### D. GROSS NEGLIGENCE

Defendants' negligent conduct was more than momentary thoughtlessness or
inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the
probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective
awareness of the risk involved, but nevertheless proceeded in conscious indifference to the
rights, safety, or welfare of Plaintiffs or others similarly situated.

Each of these acts and/or omissions, whether taken singularly or in any combination
constitutes negligence and negligence per se and gross negligence which proximately caused the
collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs
suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of
their natural lives.

# VI.

## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Melissa Peña suffered severe bodily injury to her neck, back and other parts of her body generally. Plaintiff's entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire natural life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, continue to cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff Mary Ann Peña suffered severe bodily injury to her neck, back and other parts of her body generally. Plaintiff's entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire natural life. These

specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, continue to cause Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

      a.    As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

      b.    As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

      c.   ·  By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the minimum jurisdictional limits of this Court for which they have filed this lawsuit.

      d.    Plaintiffs further request both pre-judgment and post-judgment interest on all of his damages as allowed by law.

## VII.

### JURY DEMAND

Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## VIII.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the minimum jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;

10. Physical disfigurement in the future;
11. Pre-judgment interest;
12. Post-judgment interest;
13. Exemplary damages;
14. Lost wages or earnings;
15. Diminished earning/reduced future earning capacity;
16. Loss of past earning capacity;
17. Court costs;
18. Loss of and destruction of personal property;
19. Loss of use of personal property;
20. Loss of sentimental personal property;
21. Diminished value of personal property;
22. Partial destruction of personal property;
23. Loss of the enjoyment of life.

Respectfully submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**

521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600;
Fax: (361) 985-0601

By:    /s/ Samuel R. Palermo
       Thomas J. Henry
       State Bar No. 09484210
       tjhenry@tjhlaw.com
       Samuel R. Palermo
       State Bar No. 15423600
       spalermo@tjhlaw.com